IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JANA SMITH | § | |
| v. | § | CIVIL ACTION NO. 6:13-CV-00273 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |
| | § | |

MEMORANDUM OPINION AND ORDER ON
PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT

On March 25, 2013, Plaintiff initiated this lawsuit by filing a complaint seeking judicial review of the Commissioner's decision denying her application for Social Security benefits. Having ultimately prevailed in the District Court, Plaintiff now seeks Attorney Fees under the Equal Access to Justice Act.

*Background*

On August 22, 2014, this Court issued a Report and Recommendation stating that this Social Security action should be reversed and remanded. A Final Judgment was issued on September 15, 2014, thereby reversing and remanding the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) of the Social Security Act.

Plaintiff now appears before the Court with her Unopposed Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA")(docket entry # 27). Based on the supporting arguments and the Court's sentence four remand, Plaintiff asserts that she is the prevailing party for purposes of the EAJA and seeks a total of $3,399.51 for attorney work, paralegal work, and expenses. The Commissioner has not filed a response, and the Plaintiff avers that the motion is not opposed. *See Plaintiff's Motion at 8* (docket entry #27).

### *Discussion*

The "dual purpose" of the EAJA is "to ensure adequate representation for those who need it and to minimize the cost of this representation to taxpayers" *Baker v. Bowen,* 839 F.2d 1075, 1083 (5th Cir.), *reh'g denied*, 848 F.2d 66 (5th Cir. 1988). Eligibility for a fee award under the EAJA requires, at a minimum, that the claimant be a prevailing party; that the Government's position was not substantially justified; that no special circumstances make an award unjust; and that any fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *Comm'r INS v. Jean,* 496 U.S. 154, 158 (1990); *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (also noting the requirement that the claimant must "incur" attorney's fees); 28 U.S.C. § 2412(d)(1)(A), (B). A "final judgment" is a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G).

With regard to the amount of fees, 28 U.S.C. § 2412(d)(2)(A) states:

> (A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (I) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court

determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

A remand accomplished pursuant to the fourth sentence of 42 U.S.C. § 405(g) renders the claimant a prevailing party regardless of whether the claimant is successful in obtaining benefits on remand. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). The Commissioner has the burden of proving that the position of the United States in this matter was "substantially justified" and has not done so here. *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986) (per curiam); *see also Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003). In addition, the Commissioner has not shown or suggested special circumstances that would render an award unjust. Further, Plaintiff's motion was timely filed after the judgment became final. The motion was filed with an itemized account. It is undisputed that Plaintiff actually incurred these fees by virtue of her agreement with her attorney. *See Murkeldove*, 635 F.3d at 791.

The hourly attorney fee sought by Plaintiff exceeds $125.00 per hour, requiring a finding that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff has presented an adequate basis for seeking an hourly rate in excess of $125.00; further, the rate is consistent with recent hourly rates awarded for attorney fees in similar cases predicated increases in the cost of living as reflected by the Consumer Price Index. More importantly, the Commissioner does not oppose Plaintiff's hourly rate. The Court finds the requested rate reasonable.[1]

---

[1] Petitioner is requesting an award of attorney fees under EAJA at the rate of $186.04 per hour for services rendered to Plaintiff in November 2013; $190.09 per hour for services rendered to Plaintiff in September 2014; and at a rate of $189.98 per hour for services performed in October 2014. *See Plaintiff's Motion* at 6.

Attorney's fees under the EAJA are properly payable to the party-litigant, not directly to the attorney. *See Astrue v. Ratliff*, 560 U.S. 586 (2010); *see also Murkeldove*, 635 F.3d at 788 n.2. In part, that is so to make fee payments subject to a Government offset to satisfy any pre-existing debt that the litigant may owe the United States. *Ratliff*, 130 S. Ct. at 2524. Therefore, Plaintiff, not her attorney, should be paid the aggregate sum of $ 3,399.51 in fees and expenses in connection with this case. Plaintiff's payment of fees owed her attorney is a matter of the retainer agreement between them. The payment will be made via her attorney.

After due consideration, in light of the foregoing, it is hereby

**ORDERED** that Plaintiff's Unopposed Motion for Award of Attorney Fees pursuant to the Equal Access to Justice Act (docket entry # 27) is **GRANTED**. The Commissioner is hereby **ORDERED** to pay Plaintiff, via her attorney of record, for fees and expenses incurred totaling $3,399.51 pursuant to the EAJA, 28 U.S.C. § 2412(d).

So ORDERED and SIGNED this 5th day of January, 2015.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE